REGINA BUSCH v. H. K. NOERENBERG AND OTHERS.[1]

February 25, 1938.

No. 31,542.

*Lloyd P. Johnson* and *R. H. Fryberger*, for appellant.
*Thompson, Hessian & Fletcher*, for respondents.

[1]Reported in 278 N. W. 34.

GALLAGHER, CHIEF JUSTICE.

Action under the blue sky law for the purchase price of 20 shares of stock in defendant Foundation Holding Company. Trial was to the court, which found for defendants. This appeal is from an order denying plaintiff's motion for a new trial.

Plaintiff testified that she was persuaded to invest $1,000 on August 5, 1930, in a corporation to be formed, which was to hold about 50 acres of land near Minneapolis containing sand deposits adapted to the manufacture of brick and which was to engage in the manufacture of brick in a plant located upon the land; that defendants Noerenberg and Bechtold, together with one Lee Deringer, all participated in inducing her to make this investment; that the corporation, defendant Foundation Holding Company, thus contemplated at the time of her initial investment, was formed in April, 1931; that stock of the par value of $1,000 in defendant Foundation Holding Company was issued to her on June 15, 1931; and that on this last date she invested another $1,000 and was issued stock of that par value in defendant Foundation Holding Company. It is admitted that the stock was never registered with the securities commission.

The trial court found that plaintiff invested her entire $2,000, which she sues to recover, prior to January, 1931; that she intended to purchase therefor a fractional (2/150) undivided interest in the land and the improvements to be put on it; that at the time of the purchase the formation of a corporation was not intended; that Bechtold and Deringer participated in inducing her to make the purchase, but that Noerenberg did not; that thereafter the owners of the fractional undivided interests in the land decided to incorporate, to convey their interests in the land to the corporation, and to receive stock in the corporation in lieu thereof; that the corporation, defendant Foundation Holding Company, was formed in April, 1931; and that plaintiff conveyed her interest in the land to the corporation and received stock in it on June 15, 1931.

Plaintiff assigns as error the findings of the trial court to the effect that her entire investment was made prior to January, 1931,

and that the formation of a corporation was not contemplated at the time of her first investment on August 5, 1930.

■ The evidence tends to establish that in the fall of 1929 Lee Deringer became owner of the land above referred to with the intention of erecting a plant upon it for the manufacture of brick. About this same time Bechtold became associated with Deringer as secretary of the Zenith Construction Company, a South Dakota corporation doing business in this state, of which Deringer was president and principal stockholder.

The Minneapolis Sand, Lime & Brick Company owned real estate in north Minneapolis upon which was situated a brick plant which was no longer in operation. Noerenberg was a stockholder and director of that company. In December, 1929, Deringer entered into an agreement with that company to convey to the latter an undivided fractional interest (9/50) in his tract of land in return for the company's realty and brick-making machinery.

It was evidently Deringer's plan to raise the rest of the money required for the erection of a brick plant in which to house this machinery by the sale of undivided fractional interests in the land and the plant to be erected on it and from a mortgage to be placed on the property. Noerenberg was appointed by the Minneapolis Sand, Lime & Brick Company to protect its interests in the undertaking. He also purchased an undivided fractional interest in the land. On January 2, 1930, he and Deringer executed an instrument entitled "Trust Agreement," which provided that Noerenberg as trustee was to receive and hold Deringer's tract of land and all moneys derived from the sale of fractional interests in the land and from a mortgage to be placed on the land, which funds were to be used for the construction of the brick plant; that he was to audit the expenditures made in the construction of the plant; that he was to hold these assets in trust for the benefit of Deringer and of such other persons as Deringer should designate until the brick plant was completed; and that he was then to make an accounting and turn over the assets in his hands to Deringer and, presumably, those persons who had purchased fractional interests. It was evidently contemplated that at the termination of the so-called trust

there would be a completed brick plant and a working capital of $10,000. The authority of the trustee was limited to the extent that Deringer could convey by warranty deed partial undivided interests in the land (valued in the instrument at $150,000) and its improvements, subject to the mortgage to be placed on the property. In December, 1930, Deringer mortgaged the land to Noerenberg for $50,000, and most of the notes for which it was security were sold to third persons. A considerable part of the remaining undivided interest in the land was also sold to various parties during 1930.

No money or property was ever transferred or conveyed to Noerenberg, who contented himself with a weekly check of the expenditures incurred in the construction of the plant, which was begun in 1930 and completed in the spring of 1931, by the Zenith Construction Company. The proceeds derived from the sale of interests in the land and from the sale of the mortgage notes were received by Deringer and placed in the account of the Zenith Construction Company.

Evidence put in on behalf of defendants indicates that Deringer sought to interest plaintiff in the purchase of the land and its improvements during the summer of 1930 and that Bechtold participated in this effort, but that Noerenberg never sought to involve her in this venture. Bechtold denied that any representation that a corporation was to be formed to operate the property was ever made. Deringer, although apparently available, was not called as a witness by any of the litigants. Bechtold also testified that plaintiff invested $1,000 August 5, 1930, but denied that her second investment was made on June 15, 1931. He stated that she contributed $500 on two occasions at about the end of 1930. There is a check in evidence drawn by the plaintiff in the amount of $1,000 which is dated June 15, 1931. But this is not conclusive of plaintiff's contention. Although the Foundation Holding Company had been formed some months before and officers had been duly appointed, the check is made payable to the Zenith Construction Company. Furthermore, plaintiff's dealings with Deringer extended beyond her investment in an interest in the land and comprehended numerous loans which are on their face to the Zenith Construction

Company. In view of these complications, it cannot be said that the trial court erred in finding that plaintiff purchased her second interest in the land prior to January, 1931.

In January, 1931, certain of the fractional interest holders began to consider the advisability of incorporating the venture and a meeting was held to consider the matter. Whether or not plaintiff attended is disputed. It was there decided to authorize Deringer to get the consent of the fractional interest holders to an exchange of their interests in the land for stock in a corporation. These he procured from all of the interest holders, including plaintiff, although she was unable to remember having signed it. The corporation was then formed, and Noerenberg became president and Bechtold secretary.

At the time of the sales of the fractional interests the purchasers did not receive conveyances of their interests; in many cases not even receipts. Conveyances to the purchasers were not executed by Deringer until the corporation was ready to issue stock certificates. This was done June 15, 1931. The purchasers received their conveyances, made conveyance to the corporation, and then received their stock. This was the routine by which plaintiff was issued a certificate, although she professes not to have been aware that she was executing a deed.

Defendants explain the failure to issue warranty deeds to the owners at the time of their purchases upon the ground that Deringer decided to register the land under the Torrens system. His petition was filed in October, 1930, and the order of registration of the title examiner was made in February, 1931.

It is vigorously urged that the transaction was in violation of the blue sky law and therefore illegal. 1 Mason Minn. St. 1927, §§ 3996-1 to 3996-28. Plaintiff bases her right to recovery upon the illegality of the transaction and contends that it was understood at the time of the purchase that she was buying an interest in a corporation which was to be thereafter organized. State ex rel. Hardstone Brick Co. v. Department of Commerce, 174 Minn. 200, 219 N. W. 81. There was evidence in the case from which the conclusion contended for could be sustained; but the trial court, with

the opportunity of seeing the witnesses and hearing the testimony, found otherwise, and under the rules so often referred to this court is bound by that finding.

■ A mere land contract or conveyance is not within the blue sky law even though a number of parties join in the venture by the purchase of undivided interests and later form a corporation to hold the land. Hanneman v. Gratz, 170 Minn. 38, 211 N. W. 961. But if the purchase of an undivided interest in the land is only incident to the right to a beneficial interest in the profits to be derived from an enterprise carried on upon the whole tract, then the sale of an undivided interest in the land is an investment contract within the meaning of the blue sky law. Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 54 A. L. R. 495; State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. R. 490; State v. Robbins, 185 Minn. 202, 240 N. W. 456. On that question there were no findings nor was the failure of the trial court to make findings raised either by motion for amended findings or by assignments of error. The court did find that plaintiff's investment was in a fractional interest in lands and improvements, and that finding is sustained by the evidence.

Order affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.